**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Ball Brothers Machinery, Ltd., | ) | CASE NO.  4:08CV02930 |
| *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | JUDGE PETER C. ECONOMUS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OPINION |
| Direct Development, LLC, *et al.*, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

This matter is before the Court upon Defendants Daniel R. White ("White") and

Paul Democko's ("Democko") Motion to Dismiss pursuant to Rule 12(b)(6) of the

Federal Rules of Civil Procedure.  (Dkt. # 10).

## I. BACKGROUND

The instant action arises from a 2006 real property transaction in Newton Falls,

Ohio.  (Dkt. # 25 at ¶ 9).  Plaintiffs Ball Bros. Machinery, Ltd. and SGB-1, Inc.

(collectively "Ball") sold land to Defendants Direct International, Inc. ("Direct

International") and Direct Development, LLC ("Direct Development").  (Dkt. # 25 at ¶

9).  Plaintiffs allege that Direct Development is owned by, or affiliated with, Direct

International (Dkt. # 25 at ¶ 3), and that Defendants White and Democko are officers,

directors, shareholders members, owners, or other authorized representatives of Direct

Development or Direct International.  (Dkt. # 25 at ¶¶ 4-5).  Defendants have not denied

these allegations.  (Dkt. # 26 at ¶ 3).

According to the Second Amended Complaint ("Complaint"), there were three industrial presses located on the property when the land was sold.  (Dkt. # 25 at ¶ 10).  The purchase agreement specified that Ball would retain ownership of the presses and would be entitled to continue storing the presses on the land.  (Dkt. # 25 Ex. A at ¶ 9).  If the Defendants wished for the presses to be moved, the agreement required that they give notice to Ball, and Ball would have three weeks to move them to a mutually acceptable location. (Dkt. # 25 Ex. A at ¶ 9).  Following the sale, Ball sold and removed one of the three presses.  (Dkt. # 25 at ¶ 10).

On June 27, 2007, Direct Development or Direct International requested by letter that Ball remove the remaining two presses from the property.  (Dkt. # 25 at ¶ 12).  The letter expressed Defendants' intention to dispose of the presses if Ball did not remove them.  (Dkt. # 25 at ¶ 13).  The Complaint alleges that several discussions occurred between the parties during the following months regarding the removal of the presses. (Dkt. # 25 at ¶¶ 14-18).  In September of 2007, Plaintiffs allegedly agreed to sell the remaining presses to a third party.  (Dkt. # 25 at ¶ 20).  Upon arrival at Defendants' property, however, Ball and the third party buyer discovered that one of the presses had been destroyed.  (Dkt. # 25 at ¶ 23).  Consequently, the third party buyer abandoned the sale.  (Dkt. # 25 at ¶ 27).

Ball alleges that Democko, White, or other agents for Direct International or Direct Development sold the press for scrap value.  (Dkt. # 25 at ¶ 24).  Plaintiff alleges several causes of action including conversion and tortious interference with a business relationship.  (Dkt. # 25 at ¶¶ 37-41, 48-55).

2

## II. STANDARD OF REVIEW

A motion brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests whether the plaintiff has pleaded a cognizable claim. <u>Scheid v. Fanny Farmer Candy Shops, Inc.</u>, 859 F.2d 434, 436 (6th Cir. 1988). Such a motion "may only be granted if it appears beyond doubt that the Plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief." <u>Ang v. Procter & Gamble Co.</u>, 932 F.2d 540, 544 (6th Cir. 1991) (citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)). "All allegations in the complaint must be taken as true and construed in a light most favorable to the nonmovant." <u>Ang</u>, 932 F.2d at 544. While the court must accept the plaintiff's *factual* allegations as true, "[t]he trial court need not accept as true [a plaintiff's] legal conclusions." <u>See</u> <u>Lewis v. ACB Bus. Servs.</u>, 135 F.3d 389, 405 (6th Cir. 1998).

To avoid dismissal under Rule 12(b)(6), the complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a), and provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Conley</u>, 355 U.S. at 47; <u>Westlake v. Lucas</u>, 537 F.2d, 857 858 (6th Cir. 1976). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955, 1964-65 (2007)(internal citations omitted). Rather, a plaintiff

3

must provide in the complaint either direct or inferential allegations with respect to all material elements of the claim. See Tahfs v. Proctor, 316 F.3d 584, 590 (6th Cir. 2003).

## III. LAW AND ARGUMENT

Democko and White move to dismiss because they are corporate officers at Direct Development or Direct International.  Under Ohio law, a shareholder or corporate officer generally is not liable for acts of the corporate entity.  See generally Dombroski v. Wellpoint, Inc., 119 Ohio St. 3d 506, 510 (2008).  This immunity is not absolute, however, and courts will find these individuals liable if the shareholder is indistinguishable from or the alter ego of the corporation itself.  Belvedere Condominium Unit Owners' Ass'n v. R.E. Roark Cos., 67 Ohio St. 3d 274, 287 (1993) (internal quotations omitted) (citing Presser, Piercing the Corporate Veil (1991) 1-4).  "Piercing" this corporate "veil" in Ohio requires:

> (1) control over the corporation by those held to be liable was so complete that the corporation has no separate mind, will, or existence of its own, (2) control over the corporation by those to be held liable was exercised in such a manner as to commit fraud or an illegal act against the person seeking to disregard the corporate entity, and (3) injury or unjust loss resulted to the plaintiff from such control and wrong.

Belvedere, 67 Ohio St. 3d at 289.

If corporate officers commit an intentional tort, however, they can be held personally liable and plaintiffs need not pierce the corporate veil.  See e.g. Yo-Can, Inc. v. Yogurt Exch., 149 Ohio App. 3d 513, 526 (7th Dist. 2002); DeHoff v. Veterinary Hosp. Operations Cent. Ohio, Inc., No. 02AP-454, 2003 Ohio 3334, at ¶ 89 (Ohio App. 10th Dist. Jun. 26 2003).  "A defendant cannot shield himself from liability for the

4

conduct in which he allegedly engaged, merely because he engaged in that conduct as a corporate officer, and the fact that a plaintiff may not be able to pierce the corporate veil is irrelevant to the issue." Mohme v. Deaton, No. CA2005-12-133, 2006 Ohio 7042, at ¶ 10 (Ohio App. 12th Dist. Dec. 28, 2006) (citing Lambert v. Kazinetz 250 F. Supp. 2d 908, 914 (S.D. Ohio 2003)).

In their motion to dismiss in the instant case, Defendants only argue that Ball failed to pierce the corporate veil.  This claim is irrelevant, however, because the Complaint makes conversion allegations against each of the defendants.  If it is established that White or Democko committed this intentional tort, they could be held personally liable, regardless of whether Plaintiffs pierced the corporate veil. Accordingly, White and Democko should remain as defendants as their motion to dismiss lacks merit.

**IV. CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss is hereby **DENIED**. (Dkt. # 10).

**IT IS SO ORDERED.**

**/s/ Peter C. Economus – August 11, 2009**
**PETER C. ECONOMUS**
**UNITED STATES DISTRICT JUDGE**